United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United Specialty Insurance Company, Plaintiff<br><br>v.<br><br>Keysboat, Inc. d/b/a Summerland Seafood and Ginny's Antiques, and others, Defendants. | Civil Action No. 17-21760-Civ-Scola |

### Order Denying Motion for Default Judgment

This matter is before the Court on the Plaintiff's Motion for Default Judgment as to Respondent Russell Leon Bryant (ECF No. 25). Having considered the motion and accompanying exhibits, the record, and the relevant legal authorities, the Court **denies** the motion (**ECF No. 25**).

As an initial matter, the Court notes that its Order on Default Judgment Procedure required that the Plaintiff file a proposed order granting the motion for default judgment (ECF No. 24). The Plaintiff failed to file a proposed order. More importantly, however, it does not appear that the Plaintiff has standing to pursue this action against Defendant Bryant.

The Complaint seeks a declaratory judgment against Keysboat, Inc., doing business as Summerland Seafood and Ginny's Antiquess ("Keysboat"); Michael Garel, individually and as personal representative for the estate of Arthur Garel; and Russell Leon Bryant. Michael Garel has filed suit against Keysboat in the Sixteenth Judicial Circuit in and for Monroe County, Florida. (Compl. Ex. A, ECF No. 1-4.) Garel seeks damages on behalf of Arthur Garel, who drowned while fishing on a vessel that he rented from Keysboat. (*Id.*) Plaintiff United Specialty Insurance Company ("United Specialty") subsequently filed this action seeking a declaratory judgment that it has no duty to defend and/or indemnify Keysboat in the state court action. Keysboat and Garel filed answers to the Complaint, but the Clerk has entered a default against Bryant.

The Complaint alleges that Bryant was a passenger on the vessel along with Arthur Garel and "may have suffered injuries and/or have claims against Respondent Keysboat." (Compl. ¶ 11, ECF No. 1.) The Complaint asserts that Bryant "may have an interest in the outcome of the instant declaratory action." (*Id.*) However, Bryant is not a party to the state court action, and there is no indication in the Complaint that Bryant has attempted to assert any claims against Keysboat.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction," a court may "declare the

rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." The Supreme Court has held that, in determining whether a "controversy" as contemplated by the Declaratory Judgment Act exists, a court must determine whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-42 (1937)). Where the defendant has no interest in the case and/or when no conflict exists in the case, courts have found that there is no controversy within the meaning of the Declaratory Judgment Act. *See Provident Life & Acc. Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489-1491 (11th Cir. 1988) (citations omitted).

Bryant is not a party to the state court lawsuit that Garel filed against Keysboat, nor is Bryant a party to the insurance contract between United Specialty and Keysboat. (Compl. ¶ 16.) Moreover, the Complaint only alleges that Bryant "*may* have suffered injuries and/or have claims" against Keysboat. (emphasis added) (*Id.* ¶ 11.) This is insufficient to establish that there is a substantial controversy involving Bryant "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Case. Co.*, 312 U.S. at 273.

Accordingly, the Court **denies** the motion for default judgment (**ECF No. 25**). If United Specialty disagrees with the Court's analysis of Defendant Bryant's standing, it may file an amended motion for default judgment. The amended motion must address the issue of standing and must include a proposed order granting default judgment. If United Specialty does not file an amended motion for default by **October 26, 2017**, the Court will dismiss this action as to Defendant Bryant.

**Done and ordered** in chambers, at Miami, Florida, on October 16, 2017.

_____
Robert N. Scola, Jr.
United States District Judge

cc:
Russell Leon Bryant
25169 41st Street
Summerland Key, FL 33042